# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1241V
Filed: May 31, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TARA HEINE, | |
| Petitioner, | Failure to Prosecute; Failure to Follow Court Orders; Dismissal; Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

**Dorsey**, Chief Special Master:

On September 30, 2016, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42, U.S.C. §§ 300aa-10, *et seq.*,[2] alleging that she "suffered chronic severe right shoulder and neck pain" as a result of receiving the influenza vaccine on October 1, 2013. *See* Petition at preamble. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

### I.   Relevant Procedural Background

On October 4, 2016, petitioner was ordered to file required medical records and a statement of completion by October 14, 2016. SPU Initial Order, issued Oct. 4, 2016 (ECF No. 5). Petitioner untimely filed documentation in support of her claim on October

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

17, 2016, submitting medical records, a Walgreens informed consent form, an affidavit, and a relevant medical article.  Pet'r's Exs. 1-7.  Petitioner also filed an unopposed motion requesting an extension to file additional records and a statement of completion.  Motion, filed Oct. 17, 2016 (ECF No. 8).  The undersigned granted the request, setting a new deadline of November 14, 2016, and postponing the initial status conference until the record is complete.  Order, issued Oct. 17, 2016 (Non-PDF).

Over the next three months, petitioner continued to seek extensions of the deadline, and all requests were granted.  *See* Orders, issued Nov. 15, 2016, Dec. 15, 2016, and Jan. 13, 2017 (Non-PDF).  Additional evidence, however, was never filed.

On February 13, 2017, petitioner's counsel filed an unopposed motion for status conference.  Motion, filed Feb 13, 2017 (ECF No. 12).  The motion stated that additional medical records were not forthcoming and counsel intended to withdraw from the case.  The motion further stated that petitioner's counsel had attempted on several occasions to contact petitioner concerning his intention to withdraw as her attorney, but his efforts were unsuccessful.  The conference was to discuss how to proceed.

The requested status conference was held on March 3, 2017, with Edward Kraus appearing for petitioner and Lara Englund for respondent.  During the discussion, petitioner's counsel stated that he had still not made contact with petitioner despite multiple attempts by telephone, e-mail, and FedEx.  He acknowledged that additional evidence would be necessary for petitioner to prevail on her claim, and stated that because such evidence had not materialized, he intended to withdraw.[3]

On April 27, 2017, petitioner was ordered to show cause why her claim should not be dismissed for insufficient proof and failure to prosecute.  Order to Show Cause, issued Apr. 27, 2017 (ECF No. 15).  The deadline expired without response.

## II. <u>Failure to Prosecute and Statutory Requirements</u>

It is petitioner's obligation to follow court orders and non-compliance is not favorably considered.  Failure to follow court orders, as well as failure to file medical records or an expert medical opinion, will result in dismissal of petitioner's claim.  *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (per curiam); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

In addition, a petitioner may not be awarded entitlement under the Vaccine Act based on petitioner's claims alone.  Rather, the petition must be supported by medical records or by the opinion of a competent physician.  *See* 42 § 300aa-13(a)(1).  Petitioner bears the burden of proving a prima facie case by a preponderance of the

---

[3] On March 24, 2017, petitioner's counsel submitted an application for interim attorneys' fees and costs.  Motion, filed Mar. 24, 2017 (ECF No. 13).  On April 6, 2017, respondent filed a response to the motion.  Response, filed Apr. 6, 2017 (ECF No. 14).  The motion will now be considered an application for final attorneys' fees and costs.

2

evidence.  *See* 42 U.S.C. § 300aa-13(a)(1)(A); *see also Moberly v. Sec'y of Health & Human Services*, 592 F.3d 1315, 1321 (Fed. Cir. 2010).

Petitioner in this case does not allege, nor does the record support, an injury covered by the Vaccine Injury Table ("Table Injury").  *See* 42 C.F.R. § 100.3.  Thus, petitioner must prove causation-in-fact by providing "preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."  *Moberly*, 592 F.3d at 1322 (citing *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

### III.  Conclusion

Petitioner has failed to support her claim with sufficient proof, including medical records and the opinion of a medical expert.  Further, petitioner has signaled that such evidence is not forthcoming by her refusal to communicate with her attorney or assist him in the prosecution of her claim, or to respond to the Order to Show Cause.

**Accordingly, this case is DISMISSED for insufficient proof and for failure to prosecute.  The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                          **s/Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Chief Special Master