# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 16-1241V
## Filed: September 12, 2017
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TARA HEINE,             * | |
|           * | |
|        Petitioner,    * | Attorneys' Fees and Costs; |
|           * | Reasonable Basis; Special |
| v.                * | Processing Unit ("SPU") |
|           * | |
| SECRETARY OF HEALTH    * | |
| AND HUMAN SERVICES,    * | |
|           * | |
|        Respondent.    * | |
|           * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Dorsey**, Chief Special Master:

On September 30, 2016, Tara Heine ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act, 42, U.S.C. §§ 300aa-10, *et seq.*,[2] alleging that she "suffered chronic severe right shoulder and neck pain" as a result of receiving the influenza vaccine on October 1, 2013. *See* Petition at preamble. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters. On May 31, 2017, the undersigned issued a decision denying petitioner's claim for compensation and dismissing the case for insufficient proof. (ECF No. 17). Judgment entered on July 5, 2017. (ECF No. 18).

On March 24, 2017, petitioner's counsel submitted an application for interim attorneys' fees and costs requesting $10,902.70 in attorneys' fees and $672.77 in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs for a total amount of $11,575.47.[3]  Motion for Attorneys' Fees and Costs ("Pet. Motion") at 3 (ECF No. 13).  In accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred no out-of-pocket expenses.  *See* Pet. Motion at ¶ 3.  On April 6, 2017, respondent filed a response to the motion.  Resp., (ECF No. 14.).  The motion will now be considered an application for final attorneys' fees and costs.  For the reasons discussed below, the undersigned reduces this amount and awards **$8,722.16** in attorneys' fees and **$672.77** in attorneys' costs for a total of **$9,394.93** in attorneys' fees and costs.

## I.     Procedural History

Following the filing of her petition, Ms. Heine untimely filed documentation in support of her claim on October 17, 2016, submitting medical records, a Walgreens informed consent form, an affidavit, and a relevant medical article.  Pet'r's Exs. 1-7 (ECF No. 7.); *see also* SPU Initial Order (ECF No. 5.).  Over the next three months, petitioner requested several extensions of time to file additional records and a statement of completion; all requests were granted.  *See* Orders, issued Oct. 17, 2016, Nov. 15, 2016, Dec. 15, 2016, and Jan. 13, 2017 (Non-PDF).  Additional evidence, however, was never filed.

On February 13, 2017, petitioner's counsel filed an unopposed motion for status conference which stated that additional medical records were not forthcoming and that counsel, after many failed attempts to contact his client, intended to withdraw from the case.  Motion (ECF No. 12.).  During the requested status conference, petitioner's counsel, Mr. Kraus, stated that he had still not made contact with petitioner despite multiple attempts by telephone, e-mail, and FedEx.  Order to Show Cause at 2 (ECF No. 15.).  Mr. Kraus acknowledged that additional evidence would be necessary for petitioner to prevail on her claim, and stated that because such evidence had not materialized, he intended to withdraw.[4]  *Id.*  Shortly thereafter, petitioner's counsel submitted an application for interim attorneys' fees and costs.  Pet. Motion, (ECF No. 13.); *see also* Resp. (ECF No. 14.).

On April 27, 2017, petitioner was ordered to show cause why her claim should not be dismissed for insufficient proof and failure to prosecute.  Order to Show Cause (ECF No. 15.).  The deadline expired without response.  The undersigned dismissed petitioner's claim on May 31, 2017.  Decision (ECF No. 17.).

Petitioner's application attorney's fees and costs is now ripe for adjudication.

---

[3] Petitioner attached supporting documentation to her interim fees application including billing records (Tab A) and information in support of her requested costs (Tab B).  Because the attached documentation is not paginated the court refers to the entire filing herein as "Pet. Motion" using the CM/ECF generated pagination.

[4] Mr. Kraus has not filed a motion to withdraw.

## II.    Legal Standards for Determining the Amount of Fees and Costs

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims.  H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed).  As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme."  *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012).  It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, "Congress did not intend that every losing petition be automatically entitled to attorneys' fees."  *Perriera v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994).  The Vaccine Act requires an unsuccessful litigant to establish that their petition was brought in <u>good faith</u> and there was a <u>reasonable basis</u> for the claim for which the petition was brought before attorneys' fees and costs may be awarded.  § 15(e)(1) (emphasis added).

"[T]he 'good faith' requirement  . . . is a subjective standard that focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at \*5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Petitioners are entitled to a presumption of good faith. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996); *see also Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at \*1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).

This presumption does not extend to reasonable basis which must be affirmatively demonstrated by the petitioner.  *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011).  "In contrast to the subjective standard afforded the 'good faith' requirement, the 'reasonable basis' requirement 'is objective, looking not at the likelihood of success [of a claim] but more to the feasibility of the claim.'"  *Turner*, 2007 WL 4410030, at \*6 (quoting *Di Roma*, 1993 WL 496981, at \*1).  "[R]easonable basis is an objective standard determined by the 'totality of the circumstances' inquiry." *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014).  It should not be rigidly applied.  *Id.* at 285; *see also Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012) (emphasizing that "[a] special master's determination . . . is entitled to deference").

After it has been determined that an award of attorneys' fees and costs is appropriate, the special master must determine the amount to be awarded.  As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377).  Counsel must not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary."  *Id.* at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate.  *Avera*, 515 F.3d at 1349.  If these two requirements are met, the *Davis* exception applies, and petitioner's counsel is paid according to the local rate.  *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375.  Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed.  *Saxton*, 3 F.3d at 1521.  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484.  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

III.    **Good Faith and Reasonable Basis**

"Good faith" is a subjective standard.  *Hamrick v. Sec'y of Health & Human Servs.*, No. 99–683V, 2007 WL 4793152 at * 3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.*, No. 99–544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Parties are "entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).  There is nothing in the record to indicate petitioner lacked the requisite good faith when filing her claim. Thus, the undersigned finds petitioner has satisfied the statutory requirement of good faith and turns to the issue of reasonable basis.

It is well established that claims filed on the eve of the expiration of the Vaccine Act's statute of limitations are subject to a more lenient standard when determining if reasonable basis exists. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99–683V, 2007 WL 4793152, at *5 (Fed. Cl. Spec. Mstr. Nov. 19, 2007) (noting this "long recognized" proposition). Petitioner's counsel in these cases often do not have the time needed to properly research petitioner's claim prior to filing the petition. *See McNett v. Sec'y of Health & Human Servs.*, No. 99–684V, 2011 WL 760314, at *8 (Fed. Cl. Spec. Mstr. Feb. 4, 2011) (finding a review of the billing records showed petitioner's counsel "had no time to request medical record, let alone any time to review [them]"); *Hamrick*, 2007 WL 4793152, at *6 (emphasizing respondent's failure "to recognize that the looming statute of limitations prevented a thorough examination of the case"); *Turner*, 2007 WL 4410030, at *5 (finding a claim filed on the eve of the running of the statute of limitations "may be supported by less information than would be expected if counsel had more time to conduct a pre-filing investigation of the factual underpinnings and the medical basis for a vaccine claim"). Yet, "[a] looming statute of limitations does not forever absolve a petitioner from his or her obligation to proceed with a reasonable basis to support his claim, at least not if the petitioner hopes to recover any fees and costs." *Chuisano*, 116 Fed. Cl. at 287 (emphasis omitted).

In creating the Vaccine Act, "Congress clearly contemplated that petitioners might not be able to meet the burden to demonstrate causation-in-fact by preponderance at the time the petition is filed." *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1331 n.3 (Fed. Ci r.2011). As the Federal Circuit expressed in *Avera*, "one of the underlying purposes of the Vaccine Act was to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." 515 F.3d 1343, 1352 (Fed. Cir. 2008) (citing *Saunders v. Sec'y of HHS*, 25 F.3d 1031, 1035 (Fed. Cir. 1994)). In medical and scientific cases, causation-in-fact is often difficult to prove without expert testimony. Requiring attorneys to obtain medical opinion supporting causation before filing would be expensive, time-consuming, and very likely deter attorneys from pursuing a petitioner's claim. *See Austin v. Sec'y of Health & Human Servs.*, No. 10–362V, 2013 WL 659574, at * 10 (Fed. Cl. Spec. Mstr. Jan. 31, 2013).

Ms. Heine engaged Mr. Kraus just three months prior to the expiration of the statute of limitations. Pet. Motion at 1 (ECF No. 13.). Nevertheless, counsel retrieved and reviewed her relevant medical records before the filing of her petition for compensation. *See* Petition *passim* (ECF No. 1.) (citing to all of petitioner's medical records (Pet. Exs 1-6)).

Respondent argues that these medical records compel a finding that no reasonable basis existed at the time the petition was filed. Resp. at 6 (ECF No. 14.).[5] Respondent cites to Ms. Heine's vaccination record which indicates that the vaccination at issue was administered in Ms. Heine's left shoulder, inapposite to her alleged right

---

[5] The opposition filed by respondent also includes an alternative argument that an award of interim attorneys' fees is inappropriate in this case. The undersigned need not address respondent's alternative argument because petitioner's interim fees application is now being considered as one for final fees.

shoulder injury.  *Id.*  Respondent asserts that Ms. Heine's treating physician disclaimed any relationship between her reported right shoulder pain and the vaccination in question.  *Id.*  In light of this, as well as numerous inconsistencies in the record with respect to how Ms. Heine reported the onset of her alleged injury, respondent requests that the court find petitioner's claim lacked reasonable basis and deny her application for attorneys' fees and costs.  *Id.* at 8.

Mr. Kraus explains that on the eve of the statute of limitations expiration, Ms. Heine insisted that the collected medical records were inaccurate or incomplete.  Pet. Motion at 2 (ECF No. 13.).  According to Mr. Kraus, his client's assertions warranted investigation and a continued records search was not possible in the time remaining. *Id.*  Although "[t]he statute of limitations is a factor that may affect the reasonable basis analysis in appropriate circumstances" petitioner's counsel is still required to perform due diligence, given the available evidence and amount of time prior to the running of the statute of limitations.  *Chuisano*, 116 Fed. Cl. at 287.  The billing records demonstrate that Mr. Kraus consistently and diligently worked to retrieve and review medical records before the filing of Ms. Heine's petition.  Pet. Motion at 6-8 (ECF No. 13.).  Given the circumstances, the undersigned finds that reasonable basis existed at the time the petition was filed.

However, even though reasonable basis may exist at the time the petition is filed, it "may later come into question if new evidence becomes available or the lack of supporting evidence becomes apparent."  *Chuisano*, 116 Fed. Cl. at 288; *see also Perriera*, 33 F.3d at 1377 (affirming the special master's finding that reasonable basis existed until the evidentiary hearing); *Hamrick*, 2007 WL 4793152, at *4 (observing that "[p]etitioner's counsel must review periodically the evidence supporting petitioner's claim").  In cases where attorneys ultimately withdrew after determining there was no reasonable basis, special masters have awarded fees and costs up to the date when counsel "should have known" that the claim was legally insufficient.  *Perreira v. Sec'y of Health & Human Servs.*, No. 90–847V, 1992 W L 164436, at * 2 (Fed. Cl. Spec. Mstr. June 12, 1992).

Although Mr. Kraus announced his intention to withdraw in February 2017, he should have been aware that Ms. Heine's claim was legally insufficient earlier.  In the two months following the petition filing, Mr. Kraus was unable to locate further evidence. Pet. Motion at 8-9 (ECF No. 13.) (Oct. and Nov. 2016 billing).  In that passage of time, the claim lost reasonable basis.  The undersigned takes this depreciation of reasonable basis into account in the lodestar analysis below.

## IV.    <u>Appropriate Amount of Attorneys' Fees and Costs</u>

The Federal Circuit has approved the lodestar approach to determine "reasonable attorneys' fees" and costs under the Act. Avera v. Sec'y of *Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir.2008).  The lodestar approach involves a two-step process. First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may

make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera*, 515 F.3d at 1348.

The lodestar approach requires that the reasonable hourly rate be multiplied by the number of hours "reasonably expended on the litigation." *Avera*, 515 F.3d at 1347–48 (quotation and citation omitted). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1521. Furthermore, a special master may reduce hours sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *see also Savin*, 85 Fed. Cl. at 315–19 (quoting *Duncan v. Sec'y of Health & Human Servs.*, No. 99–455V, 2008 WL 4743493, at * 1 (Fed. Cl. 2008) (finding that "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and not limited to endorsing or rejecting respondent's critique")).

The undersigned finds that counsel's requested hourly rates are reasonable and in conformance with previously established rates for Mr. Kraus's firm. *See DiCianni v. Sec'y of Health & Human Servs.*, No 15-1548V, ___ WL ___ (Fed. Cl. Spec. Mstr. Aug. 3, 2017). Furthermore, the undersigned finds that the number of hours billed up to and including the filing of the petition to be reasonable.

However, approximately 40% of Mr. Kraus's billed fees occurred after the filing of the petition, yet no further evidence was received or reviewed in that time. According to Mr. Kraus's billing records, only eighteen minutes of medical record research was conducted between October 1, 2016 and March 21, 2017. Pet. Motion at 9 (Dec. 14, 2016 call to Walgreens). Furthermore, petitioner's supporting evidence was untimely filed. *See* SPU Initial Order (ECF No. 5.); *see also* Pet. Exs. 1-7 (ECF No. 7). Considering this alongside petitioner's repetitive motions for extension for time, and lack of additional evidence, the undersigned finds the number of hours billed to be excessive. *Silva*, 108 Fed. Cl. at 405 (Spec. Mstr. did not abuse his discretion by considering counsel's lack of due diligence as a factor for denying attorneys' fees).

Since petitioner's counsel could have determined and reported the legal sufficiency of her claim more diligently, the undersigned finds that a 20% reduction in the overall requested attorneys' fees is reasonable and appropriate. This results in a reduction in the amount of $2,180.54. Petitioner is therefore awarded attorneys' fees in the amount of $8,722.16. *See Ericzon*, 2016 WL 447770 (reducing fee award by 10 percent); *Barry*, 2016 WL 6835542 (reducing fee award by 10 percent); *Raymo*, 2016 WL 7212323 (reducing fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *see also Wasson*, 24 Cl. Ct. at 484 (a line-by-line evaluation is not required in determining a reasonable number of hours expended), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). This reduction roughly accounts for half of Mr. Kraus's billing for the period after the petition was filed and affords a generous amount of time in which counsel could have confirmed the existence of any further evidence.

The undersigned finds that petitioner's requested costs in the amount of $672.77

to be reasonable and awards them in full.

**V.      Conclusion**

        **Accordingly, the undersigned awards a lump sum of $9,394.93, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Edward M. Kraus, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

        **s/Nora Beth Dorsey**
        Nora Beth Dorsey
        Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.